IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAISY LANE,[1]

    Respondent Below,
    Appellant,

    v.

AARON RILEY,

    Petitioner Below,
    Appellee.

§
§ No. 152, 2021
§
§ Court Below—Family Court
§ of the State of Delaware
§
§ File No. CN-12-02677
§ Petition No. 21-01292
§
§ IN THE INTEREST OF:
§ Jordan Riley
§ Julia Riley

Submitted: October 29, 2021
Decided:   December 7, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated April 14, 2021. The appellee filed a petition in the Family Court seeking modification of the parties' children's primary residential placement, which had been determined in October 2018 after a full hearing on the merits. The Family Court appropriately considered the factors set forth in 13 *Del. C.* § 729(c)(2), including carefully weighing the best interest factors in light of the evidence

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

presented. In concluding that the parents would have shared residential placement on an alternating weekly schedule, the Family Court acted within its broad discretion.[2] Factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[2] *See Russell v. Stevens*, 2007 WL 3215667, at *2 (Del. Nov. 1, 2007) (affirming Family Court's award of primary residential placement and stating that when the Family Court appropriately considers and weighs each of the best interest factors, the "law vests wide discretion in the trial court to determine where custody shall be placed").

[3] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).